**UNITED STATES DISTRICT COURT**

**DISTRICT OF NEVADA**

* * *

KENIA LUCERO GONZALEZ,

Plaintiff,

v.

OPTUM CARE CANCER CENTER,

Defendant.

Case No. 2:24-cv-00257-RFB-BNW

**SCREENING ORDER**

Pro se plaintiff Kenia Gonzalez brings an employment retaliation case related to events that occurred while she was employed at Optum Care Cancer Center. On February 13, 2024, this Court screened Gonzalez's complaint. ECF No. 4. The Court denied the complaint and gave Gonzalez a deadline of March 13, 2024, to amend the complaint. Gonzales filed a First Amended Complaint on March 13, 2024. The court now screens Gonzalez's First Amended Complaint.

## I. ANALYSIS

### A. Screening Standard

Upon granting a request to proceed *in forma pauperis*, a court must screen the complaint under 28 U.S.C. § 1915(e)(2). In screening the complaint, a court must identify cognizable claims and dismiss claims that are frivolous, malicious, file to state a claim on which relief may be granted or seek monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915(e)(2). Dismissal for failure to state a claim under § 1915(e)(2) incorporates the standard for failure to state a claim under Federal Rule of Civil Procedure 12(b)(6). *Watison v. Carter*, 668 F.3d 1108, 1112 (9th Cir. 2012). To survive § 1915 review, a complaint must "contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." *See Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). The court liberally construes pro se complaints and may only

dismiss them "if it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief." *Nordstrom v. Ryan*, 762 F.3d 903, 908 (9th Cir. 2014) (quoting *Iqbal*, 556 U.S. at 678).

In considering whether the complaint is sufficient to state a claim, all allegations of material fact are taken as true and construed in the light most favorable to the plaintiff. *Wyler Summit P'ship v. Turner Broad. Sys. Inc.*, 135 F.3d 658, 661 (9th Cir. 1998) (citation omitted). Although the standard under Rule 12(b)(6) does not require detailed factual allegations, a plaintiff must provide more than mere labels and conclusions. *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007). A formulaic recitation of the elements of a cause of action is insufficient. *Id.* Unless it is clear the complaint's deficiencies could not be cured through amendment, a pro se plaintiff should be given leave to amend the complaint with notice regarding the complaint's deficiencies. *Cato v. United States*, 70 F.3d 1103, 1106 (9th Cir. 1995).

**B. Screening the Complaint**

Gonzalez's First Amended Complaint does not contain many facts. In essence, she alleges that she was hired by Defendant on May 14, 2018, and was terminated on June 22, 2023. ECF No. 4 at 4. She also appears to allege that while being disciplined on February 22, 2023, she was subjected to verbal harassment. In turn, she alleges that she reported the harassment to Human Resources. She also alleges that she was later terminated. Again, her First Amended Complaint suggests Gonzalez is attempting to plead a retaliation claim under Title VII of the Civil Rights Act of 1964. *Id*. at 10.

*1. Retaliation*

To make out a prima facie case of retaliation, plaintiffs must show that they (1) "undertook a protected activity under Title VII," (2) defendants subjected them to an adverse employment action, and (3) "a causal link between the two." *Vasquez v. Cty. of Los Angeles*, 349 F.3d 634, 646 (9th Cir. 2003). Protected activities under Title VII include opposing allegedly discriminatory acts by one's employer. *Id.*; *see also* 42 U.S.C. 2000(e)–3(a). They also include making informal complaints to one's supervisor. *See Ray v. Henderson*, 217 F.3d 1234, 1240 n.3 (9th Cir. 2000).

Gonzalez, once again, fails to state a claim for retaliation. The Court needs facts that support each of the elements below:

(1) "undertook a protected activity under Title VII,"

(2) defendants subjected them to an adverse employment action, and

(3) "a causal link between the two."

As to the first element, she must allege what protected activity she undertook. For example, it is not clear whether she is alleging that her manager harassed her and that she reported that harassment to HR. If so, she needs to state what the harassing behavior was. If it is something else, then she must make that clear as well.

As to the second element, she alleges she was terminated. So, she satisfies that element.

As to the last element, she does not allege the connection between the undertaking of a protected activity and the adverse employment action (the termination). She must explain how the engagement in that protected activity caused her to be terminated.

Given these deficiencies, the court will dismiss the complaint with leave to amend.

**C. Instructions for Amendment**

If Gonzalez chooses to file an amended complaint, she must correct the deficiencies identified in this order. Vague and conclusory allegations that she was retaliated against are insufficient. She must allege specific facts as to each of the three elements discussed above. Although the Federal Rules of Civil Procedure adopt a flexible pleading policy, Gonzalez still must give defendant fair notice of the claim she is alleging against them.

Gonzalez is advised that if she chooses to file an amended complaint, the last complaint no longer serves any function in this case. The court cannot refer to a prior pleading or to other documents to make her amended complaint complete. The amended complaint must be complete in and of itself without reference to prior pleadings or to other documents.

/ / /

/ / /

/ / /

**II. CONCLUSION**

IT IS ORDERED that Gonzalez's First Amended Complaint be dismissed with leave to amend. The deadline to file an Amended Complaint will be April 26, 2024.

DATED: March 22, 2024

BRENDA WEKSLER
UNITED STATES MAGISTRATE JUDGE