UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

\* \* \*

| | |
|---|---|
| KENIA LUCERO GONZALEZ, | Case No. 2:24-cv-00257-RFB-BNW |
| Plaintiff, | **ORDER** |
| v. | |
| OPTUM CARE CANCER CENTER, | |
| Defendant. | |

## I.  INTRODUCTION

Before the Court for consideration is the Report and Recommendation (ECF No. 13) of the Honorable Brenda Weksler, United States Magistrate Judge, entered on November 11, 2024. For the following reasons, the Court accepts the Report and Recommendation in full.

## II.  LEGAL STANDARD

A district court "may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate." 28 U.S.C. § 636(b)(1). A party may file specific written objections to the findings and recommendations of a magistrate judge. 28 U.S.C. § 636(b)(1); Local Rule IB 3-2(a). When written objections have been filed, the district court is required to "make a de novo determination of those portions of the report or specified proposed findings or recommendations to which objection is made." 28 U.S.C. § 636(b)(1); see also Local Rule IB 3-2(b). Where a party fails to object, however, a district court is not required to conduct "any review," de novo or otherwise. Thomas v. Arn, 474 U.S. 140, 149 (1985). Pursuant to Local Rule IB 3-2(a), objections were due by November 25, 2024. In response, Plaintiff Kenia Lucero Gonzalez filed two motions for an extension of time. ECF Nos. 14, 15. The Court extended the deadline to object to January 1, 2025. ECF No. 16. Instead of filing an objection, Plaintiff filed

four additional motions to extend time. ECF Nos. 17, 19, 21, 22.

**III.   DISCUSSION**

The Court has reviewed the record in this case and concurs with the Magistrate Judge's recommendation to dismiss Plaintiff's Third Amended Complaint with prejudice. In the Third Amended Complaint, Plaintiff alleges that she was terminated for reporting to HR that she was uncomfortable with questions posed to her by her supervisor. The questions concerned a social media post, whether she had used the company fax for personal use, whether she had used the company phone for personal use, and whether she had discussed patient information in front of another patient. These facts fail to establish a claim for retaliation under Title VII of the Civil Rights Act of 1964, which requires a plaintiff to demonstrate that (1) she engaged in a protected activity; (2) she suffered an adverse employment action; and (3) "a causal link exists between the protected activity and the adverse action." Manatt v. Bank of Am., 339 F.3d 792, 800 (9th Cir. 2003) (citation omitted).

Here, Plaintiff's reporting of the questions to HR does not fall within the ambit of protected activity as she was not opposing unlawful conduct under Title VII. See 42 U.S.C. § 2000e–3(a) (making it unlawful "for an employer to discriminate against any of [its] employees . . . because [she] has opposed any practice that is made an unlawful employment practice by this subchapter"); Hashimoto v. Dalton, 118 F.3d 671, 680 (9th Cir. 1997) (defining protected activity as an "employee's opposition to conduct made an unlawful employment practice [under Title VII]"). None of the questions implicated Title VII's protections against discrimination on the basis of "race, color, religion, sex, or national origin." 42 U.S.C. § 2000e–2. Therefore, Plaintiff's retaliation claim lacks merit.

Finally, Local Rule IA 6-1 permits parties to file motions or stipulations to extend time. See LR IA 6-1(a). That rule provides that a motion to extend time "must state the reasons for the extension requested[.]" Id. Plaintiff's four Motions to Extend Time fail to do so, despite notice from the Court in its December 10, 2024, Order that such a reason is required.

For the foregoing reasons, **IT IS THEREFORE ORDERED** that the Report and Recommendation (ECF No. 13) is ACCEPTED and ADOPTED in full.

1     **IT IS FURTHER ORDERED** that the complaint is dismissed with prejudice.

2     **IT IS FURTHER ORDERED** that the Motions to Extend Time (ECF Nos. 17, 19, 21, 22) are **DENIED**.

    The Clerk of Court is instructed to close this matter accordingly.

**DATED:** January 31, 2025.

                                    **RICHARD F. BOULWARE, II**
                                      **UNITED STATES DISTRICT JUDGE**